Appeal No. 2022-1196

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

———————————

LARRY GOLDEN, dba ATPG Technology, LLC,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

On Appeal from the United States Court of Federal Claims in
Case No. 1:13-cv-00307, Senior Judge Eric G. Bruggink

---

## CORRECTED BRIEF OF THE DEFENDANT-APPELLEE,
## THE UNITED STATES

---

BRIAN M. BOYNTON
*Principal Deputy*
*Assistant Attorney General*

GARY L. HAUSKEN
*Director*

GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
(202) 305-2513

# PATENT CLAIMS AT ISSUE

Pursuant to Federal Circuit Rule 28(a)(12), asserted

independent claim 1 of the '497 patent has been reproduced below:

## U.S. Patent No. 7,385,497

Claim 1.  A multi sensor detection and lock disabling system for
   monitoring products and for detecting chemical, biological, and
   radiological agents and compounds so that terrorist activity can
   be prevented, comprising:

a detector case including a front side, a rear side, a power source
   and a Central Processing Unit (cpu);

a plurality of indicator lights located on the front side with each
   indicator light corresponding to and indicating the detection of
   one specific chemical, biological and radiological agent and
   compound;

an Internet connection, a GPS connection, and a power connection
   located on the rear side and which are interconnected with the
   cpu;

a plurality of interchangeable detectors for detecting the chemical,
   biological and radiological agents and compounds and capable
   of being disposed within the detector case;

each detector including a sound alarm indicator, a readings panel,
   a light alarm indicator and a sensor;

an automatic/mechanical lock disabler interconnected to the cpu
   and which is mounted to a lock on a product for receiving
   transmission from the cpu to lock or disable the lock on the
   product to prevent access to the product by unauthorized,
   untrained and unequipped individuals; and

whereupon detection of specific chemical, biological, or radiological agents or compounds by the detectors causes the lighting of the corresponding indicator light for visual confirmation of the detection and initiates signal transmission from the cpu to the automatic/mechanical lock disabler to lock or disable the lock of the product thereby preventing further contamination about the product and denying access to the product by unauthorized, untrained and unequipped individuals.

# TABLE OF CONTENTS

STATEMENT OF RELATED CASES.............................................. 1

COUNTER-STATEMENT OF APPELLATE JURISDICTION...... 3

COUNTER-STATEMENT OF THE ISSUES PRESENTED FOR REVIEW........................................................................... 3

COUNTER-STATEMENT OF THE CASE ................................... 4

SUMMARY OF THE ARGUMENT.................................................. 8

ARGUMENT ....................................................................... 9

I.   THE STANDARD OF REVIEW....................................................... 9

II.  THE COURT OF FEDERAL CLAIMS WAS WELL WITHIN ITS DISCRETION TO STRIKE MR. GOLDEN'S CONTENTIONS AND DISMISS HIS INFRINGEMENT SUIT WITH PREJUDICE. ............. 10

   A.   Mr. Golden's arguments relying on *Akamai* and *Zoltek* (1) do not apply to his asserted system and device patent claims and (2) confirm that his infringement contentions were deficient. ......................................... 12

   B.   Mr. Golden's attempt to introduce new infringement theories in his brief further confirms that his infringement contentions were deficient. ................... 13

   C.   Mr. Golden's other arguments fail to demonstrate any error by the trial court................................................. 15

CONCLUSION.............................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015)............................................................ 12

*Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180 (Fed. Cir. 1990)............................................................ 9

*Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761 (Fed. Cir. 2002) ..... 10

*Golden v. Apple Inc.*, 141 S. Ct. 1067 (2021) ................................... 2

*Golden v. Apple Inc.*, 2021 WL 4260782 (D.S.C. Sept. 20, 2021).. 16

*Golden v. Apple Inc.*, No. 20-1508, 819 F. App'x 930 (Fed. Cir. Sept. 3, 2020)................................................................. 2

*Golden v. United States*, 141 S. Ct. 908 (2020) ............................... 2

*Golden v. United States*, No. 18-1942 (Fed. Cir. Aug. 1, 2018)....... 1

*Golden v. United States*, No. 19-100 (Fed. Cir. Nov. 5, 2018)......... 1

*Golden v. United States*, No. 19-2134, 955 F.3d 981 (Fed. Cir. Apr. 10, 2020) .............................................................. 1, 16

*Golden v. United States*, No. 19-2135, 2019 WL 11585249 (Fed. Cir. Sept. 13, 2019)....................................................... 1

*Huang v. MediaTek USA, Inc.*, 815 F. App'x 521 (Fed. Cir. 2020)11

*SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278 (Fed. Cir. 2005) ........................................................................ 10

**Statutes**

28 U.S.C. § 1295(a)(3) ....................................................................... 3

28 U.S.C. § 1498(a) ........................................................................ 3, 6

**Rules**

Patent Rule 4 of the Court of Federal Claims.......................3, 5, 10

Rule 41(b) of the Court of Federal Claims ..........................3, 4, 8, 9

# STATEMENT OF RELATED CASES

Mr. Golden has previously filed two appeals and a petition for mandamus relief to this Court in the present Court of Federal Claims (CFC) civil action (Case No. 13-307). Mr. Golden's two previous appeals of this civil action were each dismissed as premature. *Golden v. United States*, No. 18-1942 (Fed. Cir. Aug. 1, 2018) (O'Malley, Bryson, Chen) (*per curiam*); *Golden v. United States*, No. 19-2135, 2019 WL 11585249 (Fed. Cir. Sept. 13, 2019) (Wallach, Chen, Hughes) (*per curiam*). And Mr. Golden's petition for mandamus relief was denied. *Golden v. United States*, No. 19-100 (Fed. Cir. Nov. 5, 2018) (Dyk, Reyna, Taranto) (*per curiam*), *reh'g denied* (Dec. 11, 2018) (*per curiam*).

This Court also previously affirmed the CFC's dismissal of Mr. Golden's separate civil action raising Fifth Amendment takings claims against the United States, which were based on (1) alleged patent infringement and (2) an *inter partes* review of one of Mr. Golden's patents that resulted in Mr. Golden voluntarily canceling several of his patent claims. *Golden v. United States*, No. 19-2134, 955 F.3d 981 (Fed. Cir. Apr. 10, 2020) (O'Malley,

Mayer, Wallach), *reh'g en banc denied* (May 25, 2020) (*per curiam*).  The Supreme Court denied Mr. Golden's petition for a writ of certiorari on December 7, 2020.  *Golden v. United States*, 141 S. Ct. 908, *reh'g denied*, 141 S. Ct. 2558 (2021).

This Court also affirmed the District of South Carolina's dismissal of Mr. Golden's substantially similar patent infringement suit against Apple, Samsung, LG, and various other defendants on the ground of frivolousness.  *Golden v. Apple Inc.*, No. 20-1508, 819 F. App'x 930 (Fed. Cir. Sept. 3, 2020) (Prost, Linn, Taranto) (*per curiam*), *reh'g en banc denied* (Fed. Cir. Oct. 7, 2020).  The Supreme Court denied Mr. Golden's petition for a writ of certiorari in that case on January 11, 2021.  *Golden v. Apple Inc.*, 141 S. Ct. 1067.

Mr. Golden filed two other patent infringement suits against various defendants in the District of South Carolina, and another action in the District of South Carolina alleging antitrust violations.  Mr. Golden is currently appealing the dismissal of the antitrust action to the Fourth Circuit (Case No. 21-2160), and the dismissal of the two patent infringement suits to this Court (Case

Nos. 22-1229 & 22-1267).  This Court has designated those two pending appeals as companion cases to this appeal.

To counsel's knowledge, no other cases pending before this or any other court will directly affect or be directly affected by the Court's decision in this appeal.

## COUNTER-STATEMENT OF APPELLATE JURISDICTION

Mr. Golden brought the present action pursuant to 28 U.S.C. § 1498(a).  The United States Court of Federal Claims dismissed Mr. Golden's Sixth Amended Complaint on November 10, 2021. This Court has jurisdiction over Mr. Golden's appeal pursuant to 28 U.S.C. § 1295(a)(3).

## COUNTER-STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Plaintiff-Appellant Larry Golden's Sixth Amended Complaint was dismissed by the Court of Federal Claims under Rule 41(b) of the Rules of the Court of Federal Claims (RCFC) for failure to obey the court's Patent Rule 4 and failure to comply with a court order.  While Mr. Golden raises various arguments in his brief ("Golden Br."), the sole issue before this Court is:

1. Whether the Court of Federal Claims abused its discretion by dismissing Mr. Golden's Sixth Amended Complaint with prejudice pursuant to RCFC 41(b), due to Mr. Golden's failure to comply with the court's local rules and orders.

## COUNTER-STATEMENT OF THE CASE

Plaintiff-Appellant Larry Golden is the named inventor and owner of "a family of patents concerning a device for detecting chemical, radiological, and biological hazards." SAppx1001. Mr. Golden filed suit against the United States in May 2013, alleging that his U.S. Patent No. RE43,990 had been infringed by a former Department of Homeland Security initiative known as "CELL-ALL" that concluded in 2011. *See* SAppx1159–1169.

Over the first seven years of its existence, the case never progressed beyond the pleading stages, with the trial court repeatedly permitting Mr. Golden to amend his complaint to assert new patents, additional patent claims, infringement of additional products, and new causes of action. In July 2020, Mr. Golden filed a motion for leave to file a Sixth Amended Complaint, stating that he was dropping all of his allegations (including his

Fifth Amendment takings claims) except his infringement allegations against the CELL-ALL initiative. SAppx1172. The trial court granted Mr. Golden's motion, but cautioned in a later order that "Plaintiff may file no further amended complaints." SAppx1180. The trial court subsequently issued a scheduling order requiring Mr. Golden to prepare and serve preliminary infringement contentions pursuant to the court's Patent Rule 4. SAppx1181.

After receiving Mr. Golden's infringement contentions, the Government moved to strike them for failing to comply with Patent Rule 4. Mr. Golden's contentions alleged that various Apple, Samsung, and LG consumer electronics devices infringed twenty-five different claims of his asserted patents,[1] but failed to explain how any accused device—much less any device used or manufactured by or for the United States in accordance with 28

---

[1] As the trial court noted in its order dismissing Mr. Golden's case with prejudice, Mr. Golden did not identify either of the two prototype devices produced for and demonstrated in the CELL-ALL initiative in 2011 as accused products. SAppx1012 ("plaintiff's charts refer to two prototype cell phones produced in 2011 for DHS, but neither of these phones is an accused product").

U.S.C. § 1498—met each and every limitation of any asserted claim.

The trial court granted the Government's motion to strike Mr. Golden's infringement contentions. SAppx1194. The trial court agreed that Mr. Golden's contentions were "fatally deficient" and "utterly fail[ed]" to specify how any accused product met multiple elements of each asserted claim. SAppx1188–1194. However, the trial court declined to grant the Government's request to dismiss the case. SAppx1194. Instead, the trial court granted Mr. Golden one more chance to "resubmit his infringement contentions in their entirety"—but cautioned him that if he "fail[ed] to file a claims chart which complies with Rule 4, the court will assume it cannot be done and that the complaint should be dismissed." *Id.*

Following the trial court's order striking his original infringement contentions, Mr. Golden served a new set of infringement contentions. *See, e.g.*, SAppx 1196–1851 (Apple infringement contentions). But this second set of contentions also failed to explain how any accused product allegedly infringed any

of Mr. Golden's twenty-five asserted claims. Accordingly, the Government moved once again to strike Mr. Golden's contentions.

The trial court granted the Government's motion to strike Mr. Golden's second set of infringement contentions. SAppx1013. The trial court's opinion explained in detail how Mr. Golden's new contentions once again failed to provide a plausible theory of infringement for two separate limitations found in each of Mr. Golden's twenty-five asserted patent claims. *See* SAppx1006–1011. Furthermore, the trial court noted that while those "two failures . . . are sufficient grounds to strike the new contentions . . . even a cursory examination of the claim charts for the other limitations reveals that they almost universally fail to meet the requirements of Patent Rule 4." SAppx1011–1012.

The trial court concluded that:

> Plaintiff has had eight years to come up with a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government. Mr. Golden has amended his complaint six times in response to the government's objections to the shortcomings in his pleadings. As we warned earlier, failure to produce a sufficiently detailed claim chart would cause

> the court to assume that it cannot be done.
> That has happened.

SAppx1012.  Accordingly, due to Mr. Golden's repeated failure to comply with the trial court's orders and local rules, the court dismissed the case with prejudice pursuant to RCFC 41(b). SAppx1012–1013.

## SUMMARY OF THE ARGUMENT

Mr. Golden has had eight years to prepare and numerous opportunities to present his infringement case.  The trial court permitted Mr. Golden to amend his complaint six times, and granted Mr. Golden multiple chances to prepare compliant infringement contentions.  Despite this leeway, Mr. Golden has failed to articulate any plausible theory for how *any* accused product was used or manufactured by or for the United States, or allegedly infringed any of the claims of his family of patents.

Accordingly, the trial court was well within its discretion to strike Mr. Golden's infringement contentions and to dismiss his suit with prejudice pursuant to RCFC 41(b)—especially after the court had specifically flagged the deficiencies in Mr. Golden's

infringement contentions and warned him that his suit would be dismissed if those deficiencies were not corrected.

The trial court's decision should be affirmed.

## ARGUMENT

### I. THE STANDARD OF REVIEW

This Court reviews the trial court's dismissal of Mr. Golden's infringement lawsuit pursuant to RCFC 41(b) for an abuse of discretion. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). Under this standard, "the trial court's exercise of discretion will not be disturbed on appeal unless upon a weighing of relevant factors [the Appellate Court is] left with a definite and firm conviction that the court below committed a clear error of judgment." *Id.* (internal quotations and citations omitted). This Court generally "gives broad deference" to a trial court's application of its procedural rules in view of that court's need to control its schedule and the litigants before it "so as not to frustrate [] attempts to manage patent cases according to prescribed guidelines." *SanDisk Corp. v. Memorex Prods., Inc.*,

415 F.3d 1278, 1292 (Fed. Cir. 2005) (quoting *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)).

II. **THE COURT OF FEDERAL CLAIMS WAS WELL WITHIN ITS DISCRETION TO STRIKE MR. GOLDEN'S CONTENTIONS AND DISMISS HIS INFRINGEMENT SUIT WITH PREJUDICE.**

Patent Rule 4(c) of the Court of Federal Claims requires a plaintiff pleading patent infringement to prepare "a chart identifying where each element of each asserted claim is found within each accused product, process, or method." SAppx1004–1005. As the trial court noted in its opinion, this requirement is "not merely perfunctory," but "serve[s] an important function—to narrow and focus the issues and theories that must be pursued during the litigation." SAppx1012.

Mr. Golden repeatedly failed to satisfy the requirements of Patent Rule 4 and to present a plausible case of infringement for any accused product, or any plausible claim that such a product was used or manufactured by or for the United States. Instead, as the trial court noted, each time that the Government pointed out the fatal deficiencies in his latest theory, "Mr. Golden did as he

has done for so many years now, simply brought in another party and device." SAppx1008.

Accordingly, the trial court was well within its discretion to strike Mr. Golden's infringement contentions and dismiss this case with prejudice after eight years and six amended complaints—particularly after warning Mr. Golden that failure to correct his contentions and provide a plausible infringement theory would result in dismissal. *See Huang v. MediaTek USA, Inc.*, 815 F. App'x 521, 525 (Fed. Cir. 2020) ("Given that [plaintiff] had four opportunities to serve proper contentions and yet failed to do so despite receiving multiple warnings and ample guidance from the district court, we conclude that the district court was well within its discretion to strike [plaintiff's] contentions and dismiss the action with prejudice").

The arguments in Mr. Golden's brief fail to demonstrate any error by the trial court. Indeed, they only further confirm that Mr. Golden's contentions were deficient, and that the trial court acted well within its discretion by striking those contentions and dismissing Mr. Golden's case.

**A.  Mr. Golden's arguments relying on *Akamai* and *Zoltek* (1) do not apply to his asserted system and device patent claims and (2) confirm that his infringement contentions were deficient.**

Mr. Golden's brief begins by arguing that the trial court should have performed a "divided infringement analysis."  Golden Br. at 5–7.  However, divided infringement and the cases discussing it that Mr. Golden cites (*Akamai* and *Zoltek*) are irrelevant to Mr. Golden's asserted patent claims.  Divided infringement applies to *method* claims, where two or more parties collectively perform all steps of the method, but no party performs all steps.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).  Mr. Golden's five asserted patents only contain claims directed to devices and systems, not methods or processes.  *See* SAppx1029–1031 ('497 patent claims); SAppx 1052–1055 ('752 patent claims); SAppx1079–1082 ('189 patent claims); SAppx1107–1112 ('439 patent claims); SAppx1137–1139 ('287 patent claims).

Indeed, Mr. Golden's "divided infringement" theory—that the trial court should have looked to devices manufactured by "Apple, Samsung, and LG" for certain elements of an asserted

claim, and to devices manufactured by "NASA, Seacoast, Qualcomm, and Rhevision" to meet other elements of that claim, Golden Br. at 5—only further confirms that Mr. Golden has no plausible theory for how any single accused product could meet each and every limitation of any one of his asserted claims.[2]

### B. Mr. Golden's attempt to introduce new infringement theories in his brief further confirms that his infringement contentions were deficient.

Mr. Golden next argues that the trial court's opinion overlooked various devices and components that allegedly infringe his asserted patent claims. *See* Golden Br. at 10–24. For example, Mr. Golden now argues in his brief that a device manufactured by a company called Rhevision meets the limitations of his asserted patent claims that require a sensor for detecting hazardous materials. Golden Br. at 14–15.

---

[2] Furthermore, as the trial court noted, "[u]nexplained is how [these third-party products] relate either to the products ostensibly accused by the complaint or the overarching mystery present in all of plaintiff's pleadings—how the government is on the hook for the private parties' products." SAppx1008.

However, these arguments only further highlight the deficiencies in Mr. Golden's infringement contentions. The trial court did not overlook a device or component manufactured by Rhevision, because Mr. Golden's contentions did not contain even a single mention of Rhevision. *See, e.g.*, SAppx 1196–1851 (Apple infringement contentions). Just as the trial court observed, because he is "[u]nable to find a sensing component in the accused devices" (Apple, Samsung, and LG smartphones), "Mr. Golden did as he has done for many years now, simply brought in another party and device." SAppx1008.

Similarly, Mr. Golden now argues that the unlocking/locking functionality required by his asserted patent claims is allegedly met by devices developed in the "mLOCK," "MATTS," and "TRUST initiative[s]." Golden Br. at 20–21. But these are also new theories found nowhere in Mr. Golden's infringement contentions, *see, e.g.*, SAppx 1196–1851 (Apple infringement contentions), and Mr. Golden further fails to explain how any of these "initiatives" has any relation to the Apple, Samsung, and LG products that he accused of infringement.

Mr. Golden's attempts to introduce new infringement theories further confirm that the trial court correctly found his contentions to be deficient.

### C. Mr. Golden's other arguments fail to demonstrate any error by the trial court.

Finally, Mr. Golden's brief advances three miscellaneous arguments that also each fail to demonstrate any error by the trial court.

First, Mr. Golden accuses the trial court of "not actually reviewing" his contentions directed to LG products, and merely "assuming" what those contentions contained. Golden Br. at 24–26. That accusation has no basis. The trial court specifically noted that "the appendix to defendant's motion to strike contains the contentions aimed at LG," SAppx1003, and repeatedly addressed those contentions in its opinion, *see* SAppx1003, SAppx1007, SAppx1010, SAppx1011 ("An inspection of the LG chart reveals the same.").

Second, Mr. Golden argues that the trial court failed to consider a Fifth Amendment takings claim. Golden Br. at 28–30. But Mr. Golden's Sixth Amended Complaint did not contain any

such claim, as Mr. Golden expressly noted to the trial court when he filed it. SAppx1172. And in any event, identical takings claims have already been considered and rejected by this Court in Mr. Golden's previous appeal from his related suit. *See Golden v. United States*, 955 F.3d 981.

Third, Mr. Golden repeatedly accuses the Government and the trial court of being motivated by racial bias. *See, e.g.*, Golden Br. at 3, 10, 30. But these allegations are baseless—Mr. Golden's case was dismissed because he failed to put forth any plausible infringement theory. Indeed, Mr. Golden has consistently leveled similarly unfounded accusations in each of his cases after failing to prevail on the merits, including in his companion appeals to this Court (Case Nos. 22-1229 & 22-1267). *See, e.g.*, *Golden v. Apple Inc.*, 2021 WL 4260782, at *2 (D.S.C. Sept. 20, 2021) ("This Court categorically rejects the notion that the Magistrate acted with any racial prejudice or bias in the Report").

## CONCLUSION

For the above reasons, the Court should affirm the CFC's judgment.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy*
*Assistant Attorney General*

GARY L. HAUSKEN
*Director*

March 17, 2022

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
*Grant.D.Johnson@usdoj.gov*
T: (202) 305-2513
F: (202) 307-0345

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system, and served the foregoing brief, via U.S. Mail and e-mail, on Plaintiff-Appellant Larry Golden at:

**Larry Golden**
**740 Woodruff Road #1102**
**Greenville, SC 29607**
**atpg-tech@charter.net**


*/s/ Grant D. Johnson*
GRANT D. JOHNSON

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the requirements and type-volume limitation of Fed. R. App. P. 32 and Fed. Cir. R. 32. This brief contains 3,101 words and 352 lines, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b). This brief has been prepared using Microsoft Word 2016 in size 17-point Century Schoolbook font, a proportionally spaced typeface.

*/s/ Grant D. Johnson*
GRANT D. JOHNSON